(No. 3967— )

JOHN THOMAS WAGGONER, AN INFANT, BY OPAL WAGGONER, HIS MOTHER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 25, 1947,*

MAURICE E. GOSNELL, for claimant.

GEORGE F. BARRETT, Attorney General, and C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

BERGSTROM, J.

On July 11, 1945 claimant, John Thomas Waggoner, was one of a group of men painting a bridge on S.B.I. Route 1 over the Embarrass River near the northern limits of the City of Lawrenceville, Lawrence county, Illinois. He was using a saddle seat, or painter's swing, to support himself while painting the higher parts of the steel truss bridge. About 10:00 A. M. while shifting the position of his support, the hook which held his seat to a brace slipped off and allowed claimant to fall to the

bridge deck, lacerating and bruising his face and body, dislocating his right ring finger, and fracturing his right middle finger and wrist.

The foreman of the group took claimant to Dr. W. I. Green, Lawrenceville, who rendered first aid and ordered claimant hospitalized at the Good Samaritan Hospital, Vincennes, Indiana. There he was placed under the care of Dr. William Schulze of Vincennes. Dr. Schulze reduced the fracture, released the patient from the hospital, and returned him to the charge of Dr. Green on July 14, 1945.

From the report of the Division of Highways, which forms part of this record, on September 19, 1945 Dr. Green sent his final report and stated therein ''Nature of Injury—Fracture right radius just above wrist. Fracture right finger just above second articulation. Dislocation right ring finger. Lacerated wounds of nose and face. Minor wounds left hand and fingers.''

At the time of the injury, the employer and employee were operating under the provisions of the Workmen's Compensation Act of this State, and notice of the accident and claim for compensation were made within the time provided by the Act. The accident arose out of and in the course of claimant's employment.

Dr. Green discharged claimant from further medical treatment on September 15, 1945 and certified him able to work on October 1, 1945. Claimant was paid compensation amounting to $124.97 for temporary total disability at the rate of $10.80 per week for the period from July 12, 1945 to September 30, 1945 inclusive, 11-4/7 weeks. At the time the cause of action arose claimant's wages were 75c an hour. Eight hours constituted a normal working day, and employees in the same classification as claimant worked less than 200 days a year. Claimant earned during his period of employment with the Division

of Highways the total sum of $222.95. For compensation purposes, claimant's earnings should be computed on the basis of $1,200.00 per year, or $23.07 per week, and he is entitled to compensation on the basis of $13.83 per week instead of $10.80. He is, therefore, entitled to receive the additional sum of $35.06 as compensation for temporary total disability.

The medical charges incurred in the treatment of claimant's injuries were paid by respondent, as follows:

Dr. Wm. Schulze, Vincennes, Indiana........................... $35.00
Dr. W. I. Green, Lawrenceville, Illinois......................... 34.00
Dr. Tom Kirkwood (x-ray) Lawrenceville..................... 5.00
Good Samaritan Hospital, Vincennes, Ind..................... 25.00

From the medical testimony, it appears that claimant has practically no flexion of his right ring finger at the first or proximal inter-phalangeal joint, that it is practically useless and interferes with his work when he grasps anything; when the other fingers go down the injured finger stays up. There is also some curtailment in the flexion of his right hand wrist, which together with the finger injury will permanently restrict claimant's use of his right hand. After consideration of all of the evidence, claimant is entitled to an award based on 25% of total loss of use of his right hand, or the sum of $587.77, which is computed on the basis of $13.83 per week for a period of 42½ weeks.

An award is therefore entered in favor of claimant, John Thomas Waggoner, in the amount of $622.83, payable to Opal Waggoner, (mother and next friend of claimant, John Thomas Waggoner, an infant, and for his use and benefit), all of which has accrued and is payable forthwith.

This award is subject to the approval of the Governor as provided in Section 3 of "an Act concerning the payment of compensation awards to State employees."